UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROSA ACEVEDO                                          JURY TRIAL DEMANDED

v.                                                    CASE NO. 3:14CV

NRA GROUP, LLC
d/b/a NATIONAL RECOVERY AGENCY

## COMPLAINT

1. This is an action for actual, statutory and punitive damages, injunctive relief, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; or the Consumer Collection Agency Act, Conn. Gen. Stat. § 36a-800 and regulations issued thereunder, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, and common law.

2. This Court has jurisdiction. 15 U.S.C. §1692k; 28 U.S.C. §1331, §1367.

3. Plaintiff is an individual whose address is in Connecticut, according to defendant's records. Defendant called plaintiff at her Connecticut telephone number.

4. Plaintiff is a consumer within the meaning of the FDCPA, in that she was the object of collection efforts based on defendant's Case No. 408213.

5. Defendant NRA is licensed as a Consumer Collection Agency by the Banking Department of the State of Connecticut.

6. NRA has been a member of ACA International, the collection agency trade association, since 2006.

7. In December 2013, NRA called plaintiff's mother, sister, and ex-husband's new wife claiming there was a warrant for plaintiff's arrest based on an account opened in 2008.

8. Plaintiff recognized the account as an identity theft account based on a personal loan which she thought had been resolved many years ago.

9. On December 16, plaintiff called NRA to notify it to cease collection.

10. The collector answering the phone had a script pursuant to which she asked "have you been presented with any documents?" and "Has someone asked you to sign for documents?"

11. When answered "No" the collector responded, "OK then, we can talk to you" and "We are a prelitigation office."

12. Plaintiff requested no further calls because this was an identity theft account.

13. The collector refused to notate the file that plaintiff was represented by attorney.

14. On December 16, plaintiff's counsel e-mailed Attorney Jill Kusic, house counsel for NRA and spouse of its CEO, asking that collections cease and notifying her that the account was an identity theft account.

15. The calls continued thereafter.

16. NRA did not provide the notices required by §1692g.

17. NRA did not comply with the obligations imposed by 15 U.S.C. § 1681m(g).

18. In the course of its collection, defendant violated §1692c, -e, -f, or –g.

Second Count.

19. The allegations of the First Count are repeated and realleged as if fully set forth herein.

20. Within three years prior to the date of this action Defendant engaged in acts and practices as to plaintiff in violation of the Creditors' Collection Practices Act, C.G.S. §36a 645 et seq., the Consumer Collection Agency Act, C.G.S. § 36a 800 et seq., or 15 U.S.C. § 1681m(g).

21. Defendant has thereby committed unfair or deceptive acts or practices within the meaning of the Unfair Trade Practices Act, Conn. Gen. Stat. § 42 110a et seq.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, both compensatory and punitive;

2. Award the plaintiff costs of suit and a reasonable attorney's fee;

3. Award such other and further relief as law or equity may provide, including injunctive relief.

THE PLAINTIFF

BY____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net